# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2025 ND 124

In the Matter of Stanton Quilt

Julie A. Lawyer, State's Attorney,                    Petitioner and Appellee

    v.

Stanton Quilt,                                              Respondent and Appellant

### No. 20240360

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Daniel J. Borgen, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Robert N. Togni, Assistant State's Attorney, Bismarck, ND, for petitioner and appellee; on brief.

Tyler J. Morrow, Grand Forks, ND, for respondent and appellant; on brief.

**Crothers, Justice.**

[¶1]   Stanton Quilt appeals from a district court order denying his application for discharge from commitment as a sexually dangerous individual. Quilt's sole issue on appeal is that the district court erred in granting the State's motion for a continuance after the State failed to timely file a motion for a witness to testify by reliable electronic means. We affirm.

I

[¶2]   Quilt was civilly committed as a sexually dangerous individual on November 19, 2010. Quilt's annual evaluation report was filed in June 2024. Quilt filed an application for discharge and request for a hearing. The State filed a motion requesting its expert appear by reliable electronic means. Quilt objected to the motion, arguing that allowing the expert to appear by reliable electronic means would violate N.D. Sup. Ct. Admin. Rule 52(3)(b) and that the State's motion was untimely because it was not served at least 7 days before the hearing as required by the rule. The State argued it had a substitution of counsel, the motion was submitted as soon as possible, and Quilt was not prejudiced by the notice. The district court found the State's request violated N.D. Sup. Ct. Admin. Rule 52(2)(e) because it was not served on Quilt at least 7 days before the hearing. The court did not issue its order on the State's motion until the morning of the hearing on October 21, 2024. The State explained it was not ready to proceed and requested a continuance because its witness was in Utah and was unable to be present given the short notice of the denial of the State's motion. Quilt objected to the request for a continuance and the State's request to allow its expert to appear by reliable electronic means at the continued hearing.

[¶3]   The district court granted the State's motion for a continuance, finding there was good cause. The State filed a timely motion to allow its witness to appear by reliable electronic means. The court granted the motion. Quilt objected to the entirety of the proceedings, the expert's appearance through reliable electronic means, and the expert's testimony. The court denied Quilt's objections.

After the proceedings, the court found by clear and convincing evidence that Quilt remains a sexually dangerous individual subject to continued civil commitment. Quilt timely appealed.

II

[¶4]   Quilt argues that because the State failed to file a timely motion for their witness to appear by reliable electronic means, the district court should not have granted the continuance even though the witness was not available to testify in person. The State claims it was unaware the court was going to deny its motion because the order was not issued until the morning of the hearing. The State claims this is good cause for a continuance because the substituted attorney was unable to file the motion earlier and was unaware it would be required to have its witness appear in person until the day of the hearing.

[¶5]   "A motion for a continuance may be granted for good cause. The district court has discretion to grant a continuance. This Court will not reverse a district court's decision absent an abuse of discretion. A court abuses its discretion if it acts arbitrarily, unreasonably, or unconscionably." *In re M.D.*, 2012 ND 261, ¶ 12, 825 N.W.2d 838 (cleaned up).

[¶6]   Quilt argued that while a new State's attorney was recently substituted, it was still the State's burden to timely file the motion for the expert witness to appear by reliable electronic means and it failed to do so. The State claimed there was good cause to continue the hearing because of the substitution of counsel and that the new attorney filed the motion as soon as possible.

[¶7]   The district court stated, "the reason that I'm giving a continuance, [the State's attorney] was just assigned." Based on the record, it does not appear the State's substitution and subsequent delay in filing the motion for its witness to appear by reliable electronic means was a deliberate attempt to hinder the defense. The expert was the State's sole witness and, even if the expert could have appeared in person, the State did not receive notice of the denial of its motion until the morning of the hearing. Additionally, Quilt does not argue he was prejudiced by the court granting the continuance. The court determined

good cause existed based on the recent substitution of the State's attorney. We conclude the court did not abuse its discretion when it granted the continuance.

## III

[¶8]   The district court did not abuse its discretion in granting the continuance. We affirm the district court's order.

[¶9]   Jon J. Jensen, C.J.
      Daniel J. Crothers
      Lisa Fair McEvers
      Jerod E. Tufte
      Kristi Pettit Venhuizen, D.J.


[¶10] The Honorable Kristi Pettit Venhuizen, D.J., sitting in place of Bahr, J., disqualified.